1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

TERRI BROOKS-JOSEPH,

Plaintiff,

vs.

CITY OF SEATTLE, SEATTLE
CITY LIGHT, LOURDES
PODWALL and JOHN DOE
PODWALL and the marital
community composed thereof,
SUSAN DAVIDSON and JOHN
DOE DAVIDSON and the marital
community composed thereof,
BRITT LUZZI and JOHN DOE
LUZZI and the marital community
composed thereof, SHARON
HUNTER and JOHN DOE
HUNTER and the marital
community composed thereof,

Defendants.

NO.

**COMPLAINT FOR DAMAGES**

1.  **RACIAL DISCRIMINATION
    AND HARASSMENT UNDER
    TITLE VII OF THE 1964 CIVIL
    RIGHTS ACT, AS AMENDED**

2.  **RACIAL DISCRIMINATION
    AND HARASSMENT UNDER
    RCW 49.60**

3.  **GENDER DISCRIMINATION
    AND HARASSMENT UNDER
    TITLE VII OF THE 1964 CIVIL
    RIGHTS ACT, AS AMENDED**

4.  **GENDER DISCRIMINATION
    AND HARASSMENT UNDER
    RCW 49.60 et seq.**

5.  **VIOLATION OF
    WASHINGTON STATE
    WHISTLEBLOWER
    PROTECTION ACT, RCW 42.42
    and SEATTLE MUNICIPAL
    CODE 4.20.860 1514**

COMPLAINT FOR DAMAGES - 1

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

6.  **AGE DISCRIMINATION IN VIOLATION OF RCW 49.60 et seq.**

7.  **AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

8.  **NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION**

9.  **WRONGFUL DISCHARGE DEMAND FOR JURY TRIAL**

COMES NOW the above-named Plaintiff, TERRI BROOKS-JOSEPH, by and through her attorney, Vicky J Currie, and hereby alleges the following:

### NATURE OF THE CASE

1.   Plaintiff alleges this case involves discrimination based on age, gender, race and racial harassment by employees, staff and faculty of Defendants CITY OF SEATTLE and SEATTLE CITY LIGHT,

2.   Plaintiff further alleges the Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT, LOURDES PODWALL, SUSAN DAVIDSON, SHARON HUNTER and BRITT LUZZI, violated Title VII of the Federal Civil Rights Act of 1964 and The Washington Law Against Discrimination (WLAD) RCW 49.60 et seq.  by discriminating against the Plaintiff based upon her race.

3.   Plaintiff further alleges the Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT, LOURDES PODWALL, SUSAN DAVIDSON, SHARON HUNTER and BRITT LUZZI, violated Title VII of the Federal Civil Rights Act of 1964 and The Washington Law

COMPLAINT FOR DAMAGES - 2

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

1  Against Discrimination (WLAD) RCW 49.60 et seq.  by discriminating against the Plaintiff based

2  upon her gender.

3      4.  Plaintiff further alleges the Defendants CITY OF SEATTLE AND SEATTLE CITY

4  LIGHT, LOURDES PODWALL, SUSAN DAVIDSON, SHARON HUNTER and BRITT

5  LUZZI, violated the Age Discrimination and Employment Act of 1967 codified at 29 U.S.C. § 621

6  through 634 and The Washington Law Against Discrimination (WLAD) RCW 49.60 et seq.  by

7  discriminating against the Plaintiff based upon her age.

8      5.  Plaintiff further alleges the Defendants CITY OF SEATTLE AND SEATTLE CITY

9  LIGHT, LOURDES PODWALL, SUSAN DAVIDSON, SHARON HUNTER and BRITT

10  LUZZI, violated Title VII of the Civil Rights act of 1964 (42 U.S.C. § 21), Washington State

11  Whistleblower Protections under RCW 42.41.040 and Seattle Municipal Code 4.20.860.

12      6.  Plaintiff further alleges that the DEFENDANT CITY OF SEATTLE AND SEATTLE

13  CITY LIGHT violated Federal and Washington State Law in regard to Negligent Supervision and

14  Retention.

15      7.  Plaintiff further alleges that the DEFENDANT CITY OF SEATTLE AND SEATTLE

16  CITY LIGHT, LOURDES PODWALL, SUSAN DAVIDSON, SHARON HUNTER and BRITT

17  LUZZI, violated Federal and Washington State Law in regard to Wrongful Discharge.

18      8.  Plaintiff asserts claims under state and federal anti-discrimination and civil rights laws.

19      9.  Plaintiff seeks, *inter alia*, compensatory damages for emotional distress and lost wages.

20  Plaintiff also seeks punitive damages based on the Defendants' intentional conduct, including a

21  continuous pattern and practice of racial discrimination.

### JURISDICTION AND VENUE

22      10.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 based upon a federal question

COMPLAINT FOR DAMAGES - 3

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

1  under the laws of the United States.  Specifically, this Court has jurisdiction over Plaintiff's claims

2  under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

3  2000e *et seq*.

4
5      11.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a) and 42 U.S.C. §

6  1398 for state claims alleged herein.

7      12.    All or a substantial portion of the unlawful acts alleged herein took place in King

8  County, Washington and within this judicial district.

9      13.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2); and 42 U.S.C. § 2000e-5(f)(3).

10                    **STATUTORY PREREQUISITES**

11  Plaintiff filed a charge against the Defendants with the Equal Employment Opportunity

12  Commission (EEOC) on April 27, 2022. The EEOC issued a notice of Right to Sue for the Plaintiff

13  on May 2, 2022. Plaintiff filed this action within 90 days of her receipt of the notice of the Right

14  to Sue letter.

15
16                            **PARTIES**

17  Plaintiff was an employee of the Defendant CITY OF SEATTLE AND SEATTLE CITY

18  LIGHT, from approximately October 2019 to July 2021.  She is of African American descent and

19  above the age of Fifty-Five.

20
21  At all times materials hereto, Plaintiff was and are persons entitled to protection under Title

22  VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; Washington's Law

23  Against Discrimination, RCW § 49.60.010 *et seq*.; 42 U.S.C. § 1981; and the common law of the

24  State of Washington.

25  Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT, is a for-profit corporation

26  organized under the laws of the State of Washington.  On information and belief, Defendant CITY

27  COMPLAINT FOR DAMAGES - 4

28

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

1  OF SEATTLE AND SEATTLE CITY LIGHT does business in King County, Washington.

2      Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT has at all relevant times

3  been an employer as defined by 42 U.S.C. § 2000e(b), in that it employs fifteen (15) or more

4
   persons in each of twenty (20) or more calendar weeks in the current or preceding year, and an
5
   employer under R.C.W. 49.60.040, in that it employs eight (8) or more persons.
6

7      On information and belief, Defendant LOURDES PODWALL resides in Western

8  Washington, within this judicial district.

9      Defendant LOURDES PODWALL is now, and has been at all times relevant to this action,

10  an employee of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT.

11     Defendant SUSAN DAVIDSON is now, and has been at all times relevant to this action, an

12  employee of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT.

13     Defendant SHARON HUNTER is now, and has been at all times relevant to this action, an

14
   employee of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT.
15

16     Defendant BRITT LUZZI is now, and has been at all times relevant to this action, an employee

17  of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT.

18     Plaintiff is informed and believes, and based thereon allege that at all times mentioned herein

19  Defendants aided, encouraged and incited others, including Defendants and employees of

20  Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT to engage in acts of discrimination

21  against the Plaintiff.

22     Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT, the corporations and business

23
   entities comprising said group as alleged above, and Defendants LU PODWALL, SUSAN
24
   DAVIDSON, SHARON HUNTER and BRITT LUZZI, are hereinafter collectively referred to as
25
26  "Defendants."  Unless specified otherwise, whenever this Complaint refers to "Defendant" or

27  COMPLAINT FOR DAMAGES - 5

28

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

1  "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually,

2  jointly and/or severally as so designated.

3
   Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned

4  herein, each of the Defendants were the agents, servants and employees, co-venturers and co-

5
   conspirators of each of the remaining Defendants, and was acting within the course, scope, and

6
7  purpose of his or her employment with the consent, knowledge, ratification and authorization of

8  such agency, employment, joint venture and conspiracy.

9              **ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

10
11
   Plaintiff alleges the following:

12 In October of 2019, Plaintiff was hired as a full-time employee with CITY OF SEATTLE

13 AND SEATTLE CITY LIGHT as an IT Business Analyst.  When the Plaintiff was hired, she

14 uprooted her and her son's lives in Atlanta, Georgia to move to the Pacific Northwest.  Plaintiff

15 was a valued employee responsible for her work as Interim Project Lead on the Fusion Project, as

16 well as her work in other areas of the Seattle Information Technology Department, Seattle Public

17
   Utilities Department, and Seattle City Light. Plaintiff was optimistic and encouraged about her

18
19 employment and prospects for her future with the City of Seattle.

20 However, in July 2020 the Plaintiff began to experience discrimination from her superiors at

21 the City of Seattle. The Plaintiff was working as Interim Team Lead on the OCM Project when

22 she was suddenly removed by her supervisor Lourdes Podwall. When the Plaintiff inquired as to

23 why she was being removed Defendant Podwall stated, "You cannot be the face of the City's

24 work." Defendant Podwall went on to demand that Plaintiff relinquish all of the work that

25 Plaintiff created to Defendant Podwall and the new project lead, Nick Cherf, who would be

26 replacing the Plaintiff.

27 COMPLAINT FOR DAMAGES - 6

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

28

1
2        Plaintiff was shocked by Defendant Podwall's statement and was embarrassed and
3    humiliated at her treatment after all of her hard work. The new project lead was much younger,
4    did not have the years of experience the Plaintiff did, was male and white.

5        After Plaintiff was removed from the project, the employees of Seattle City Light struggled
6    to continue with the project. As a result, Plaintiff's supervisor Susan Davidson demanded that the
7    Plaintiff complete the work for the team without compensation or promotion. Even though the
8    Plaintiff had been removed from the project, Defendant Davidson went on to state that the
9    Plaintiff need to prove her value on the project.

10
11       At a June 18, 2020 meeting, the Plaintiff overheard coworkers gossiping and insulting
12   another member of the team in front of a client. During a follow up meeting to discuss the event
13   of June 18, 2020, Plaintiff stated that the employee's gossip and insults at the June 18, 2020
14   meeting were unprofessional and embarrassing to the City. Incredibly, instead of thanking the
15   Plaintiff for adhering to the standards of professional conduct, the Defendant Davidson stated
16   that her comments directed towards the gossiping employees were "hostile to her peers."

17       Plaintiff was shocked by Defendant Davidson's behavior. Plaintiff was not hostile, did not
18   yell, did not insult and only pointed out that the gossiping employees conduct was
19   unprofessional. Instead of focusing on the unprofessional conduct by the gossiping employees,
20   Defendant Davidson went out of her way to criticize the Plaintiff. Plaintiff again felt insulted and
21   humiliated. Though she persistently adhered to all professional standards, continued to work hard
22   for the City without credit, and constantly went above and beyond her duties, she was still
23   targeted and reprimanded for non-existent slights.

24       After the meeting, Plaintiff overheard one of the gossiping employees mutter, "I don't take
25   orders from black people." After the conclusion of this meeting the Plaintiff was ostracized from
26
27   COMPLAINT FOR DAMAGES - 7                                    Vicky J. Currie
                                                                  732 Pacific Ave
28                                                                Tacoma, WA 98402
                                                              Telephone (253) 588-1955
                                                                 Fax (253) 983-1545

other employees. She was repeatedly left out of meetings and when she complained was told it was just an oversight. Plaintiff continue to feel humiliated and insulted as her treatment worsened by the City of Seattle and its agents.

While working in the City of Seattle's IT Department, supervisor Signe Olausen wanted to promote the Plaintiff to Senior Business Analyst. Unfortunately, this promotion was blocked by Defendant Sharon Hunter. Plaintiff alleges Defendant Hunter blocked Plaintiffs' promotion due to her race and age. Plaintiff alleges instead of even considering the Plaintiff by allowing an interview, Defendant Hunter asked Signe Olausen to place something negative in her employment file in order to block any advancement. After this incident, Plaintiff alleges Defendant Hunter tampered with the Plaintiff's work in an effort to sabotage her employment and any potential advancement.

Plaintiff alleges that she was blocked from applying and interviewing for advanced positions within the City of Seattle by Defendants Lu Podwall and Britt Luzzi.

On two occasions Plaintiff found technical issues that were abusing taxpayer funding. On one occasion, Plaintiff discovered that Defendant Seattle City Light has an issue with its meters. The Plaintiff alleges that approximately 460,000 Seattle City Light customers were over-billed for nearly six years. Plaintiff reported this information to her superiors and to Human Resources who in turn told Plaintiff she was in a protected status as a whistleblower.

However, despite Plaintiff's whistleblower status, the City of Seattle fired her without cause in July 2021, shortly after her whistleblower complaint.

While employed at CITY OF SEATTLE AND SEATTLE CITY LIGHT, the Plaintiff was unquestionably subjected to verbal, behavioral and environmental indignities. Excessive scrutinization and defamation of character by certain faculty members directly and drastically

COMPLAINT FOR DAMAGES - 8

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

affected the Plaintiff's employment with CITY OF SEATTLE AND SEATTLE CITY LIGHT.

## FIRST CAUSE OF ACTION

**DISCRIMINATION AND HARASSMENT BECAUSE OF RACE IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
42 U.S.C. § 2000e *ET SEQ*.**

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

1.     Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated non-African American employees of the Defendants, as referenced above, because of her race.

2.     The above-referenced discrimination and harassment happened because of race, were unwelcome to Plaintiff, and were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment, constituting a hostile work environment.

3.     Employees of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT and DEFENDANTS, each had direct or chain of command supervisory authority over Plaintiff, and participated in and/or created the above-referenced hostile work environment.

4.     Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and DEFENDANTS had actual, constructive, and or imputed notice and knowledge of the above-referenced discrimination and harassment but failed to take prompt and effective remedial action reasonably calculated to stop the discrimination and harassment and prevent its future occurrence.

5.     As a direct and proximate result of the discrimination and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

COMPLAINT FOR DAMAGES - 9

## SECOND CAUSE OF ACTION

**RACE DISCRIMINATION AND RACIAL HARASSMENT
IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION,
RCW Chapter 49.60
(Against all Defendants)**

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

6.      Plaintiff alleges that in violation of RCW Chapter 49.60, Plaintiffs race and/or opposition activity, separately and/or in combination, was a substantial factor in the above-referenced adverse and tangible employment actions and hostile work environment.

7.      As a direct and proximate result of the discrimination, retaliation, harassment, and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## THIRD CAUSE OF ACTION

**DISCRIMINATION AND HARASSMENT BECAUSE OF SEX/GENDER IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
42 U.S.C. § 2000e *ET SEQ.***

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

1. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated male employees of the Defendants, as referenced above, because of her sex and gender.

2. The above-referenced discrimination and harassment happened because of sex and gender, were unwelcome to Plaintiff, and were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff 's employment, constituting a hostile work environment.

COMPLAINT FOR DAMAGES - 10

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

3. Employees of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT and other Defendants, each had direct or chain of command supervisory authority over Plaintiff, and participated in and/or created the above-referenced hostile work environment.

4. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and other Defendants had actual, constructive, and or imputed notice and knowledge of the above-referenced discrimination and harassment but failed to take prompt and effective remedial action reasonably calculated to stop the discrimination and harassment and prevent its future occurrence.

5. As a direct and proximate result of the discrimination and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## FOURTH CAUSE OF ACTION

### SEX and GENDER DISCRIMINATION AND HARASSMENT
### IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION,
### RCW Chapter 49.60
### (Against all Defendants)

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

1. Plaintiff alleges that in violation of RCW Chapter 49.60, Plaintiff's sex and gender and/or opposition activity, separately and/or in combination, was a substantial factor in the above-referenced adverse and tangible employment actions and hostile work environment.

2. As a direct and proximate result of the discrimination, retaliation, harassment, and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages

COMPLAINT FOR DAMAGES - 11

including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## FIFTH CAUSE OF ACTION

**VIOLATION OF WASHINGTON STATE WHISTLEBLOWER ACT RCW 42.42 et seq. and SEATTLE MUNICIPAL CODE 4.20.860**

Plaintiff realleges the foregoing paragraphs and incorporates them herein by this reference as if fully set forth herein.

1. Plaintiff alleges that in violation of RCW Chapter 42.42 and Seattle Municipal Code, Plaintiff was terminated for reporting the overbilling of approximately 460,000 Seattle City Light customers for nearly six years. Soon after making this report the Plaintiff was fired from her position.

2. As a direct and proximate result of the whistleblower retaliation referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 U.S.C. § 421 et seq.**

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

1. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated employees who were younger than the Plaintiff.

COMPLAINT FOR DAMAGES - 12

2. The above-referenced discrimination and harassment happened because of Plaintiff's age and were unwelcome to Plaintiff, and were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment, constituting a hostile work environment.

3. Employees of Defendant CITY OF SEATTLE AND SEATTLE CITY LIGHT and other Defendants, each had direct or chain of command supervisory authority over Plaintiff, and participated in and/or created the above-referenced hostile work environment.

4. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and other Defendants had actual, constructive, and or imputed notice and knowledge of the above-referenced discrimination and harassment but failed to take prompt and effective remedial action reasonably calculated to stop the discrimination and harassment and prevent its future occurrence.

5. As a direct and proximate result of the discrimination and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF WASHINGTON STATE LAW AGAINST AGE DISCRIMINATION
### RCW 49.60 et seq.

Plaintiff realleges the foregoing paragraphs and incorporates them herein by this reference as if fully set forth herein.

1. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated employees who were younger than the Plaintiff.

2. As a direct and proximate result of the whistleblower retaliation referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job

COMPLAINT FOR DAMAGES - 13

opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT RETENTION AND SUPERVISION

As her employer, Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT owed and breached duties to Plaintiff including, but not limited to:  1) the duty not to employ or retain employees whom it knows or should know to be unfit or dangerous, 2) the duty to exercise care appropriate to the circumstances in supervising and/or retaining employees, 3) the duty to exercise due diligence to determine whether an employee is or has become unfit or dangerous.

1. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT failed to exercise care appropriate to the circumstances in retaining its employees who subjected Plaintiff to racial harassment, gender discrimination and age discrimination.

2. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT had actual, constructive and/or imputed notice and knowledge of the unfitness of white employees who have subjected Plaintiff to repeated racial harassment, gender discrimination, and age discrimination.

3. Such notice and knowledge made foreseeable the injuries these white employees inflicted upon the Plaintiff.

4. Despite such notice and knowledge, Defendants failed to exercise ordinary care to discipline the employees.

5. At all times materials herein, Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT had the power, ability, authority, and duty to so intervene, monitor, review, evaluate,

COMPLAINT FOR DAMAGES - 14

control, regulate, discipline, restrict, and/or penalize the conduct of themselves, their agents, and employees.

6. Despite said knowledge, power, and duty, Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT negligently failed to act so as to prevent, supervise, monitor, review, evaluate, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

7. Plaintiff is informed and believes, and based thereon alleges, that CITY OF SEATTLE AND SEATTLE CITY LIGHT is legally responsible in some manner for the events, incidents, and happenings described herein, and caused injury and damage to Plaintiff.

8. As a direct and proximate result of the failure of Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT to protect Plaintiff and to adequately monitor, review, evaluate, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act by Defendants themselves, their agents, and employees, as alleged herein, said conduct, acts, and failures to act were perceived by said Defendants, its agent, and employees as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act, thereby causing reasonably foreseeable injury.

9. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT are responsible for the acts of their employees alleged herein.

10. Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT failure to exercise ordinary care breached the above-referenced duties of care, proximately causing the injury and damages to Plaintiff referenced herein.

COMPLAINT FOR DAMAGES - 15

11. As a direct and proximate result of Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT breach of the duties owed to Plaintiff, Plaintiff suffered substantial emotional injuries in an amount to be proven at trial.

12. As a further direct and proximate result of Defendants CITY OF SEATTLE AND SEATTLE CITY LIGHT actions and omissions, Plaintiff has suffered and will continue to suffer mental anguish and severe emotional distress.

## NINTH CAUSE OF ACTION

### WRONGFUL DISCHARGE

21. Plaintiff realleges the foregoing paragraphs and incorporates them herein by this reference as if fully set forth herein.

22. "An employee discharged for whistleblowing has a statutory claim for wrongful discharge. Gardner, 128 Wn.2d at 937.  The Legislature established this tort when it enacted the Washington Industrial Safety and Health Act (WISHA):

An employee discharged for whistleblowing has a statutory claim for wrongful discharge. "Young v. Ferrellgas, L.P., 106 Wn. App. 524, 528 (2001) citing Gardner v. Loomis Armored, Inc. 128 Wn.2d 931, 937 (1996).

23. The complaint filed by the Plaintiff in April 2021 to the State Auditor's Office against CITY OF SEATTLE and SEATTLE CITY LIGHT constitutes whistleblowing.

24. The Plaintiff's whistleblowing was a substantial factor in CITY OF SEATTLE AND SEATTLE CITY LIGHTS decision to terminate her given the proximity in time to filing the complaint and her termination.

CITY OF SEATTLE AND SEATTLE CITY LIGHTS termination of the Plaintiff has caused damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 16

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-1955
Fax (253) 983-1545

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against all Defendants as available under law and as follows:

1.    General damages for emotional distress in an amount to be proven at the time of trial.

2.    Special damages for medical treatment, including psychological counseling, if appropriate.

3.    Actual damages under RCW 49.60, *et seq*.

4.    Lost wages/back pay in an amount to be proven at the time of trial.

5.    Prejudgment interest in an amount to be proven at the time of trial.

6.    Lost fringe benefits in an amount to be proven at the time of trial.

7.    Punitive damages in an amount to be proven at the time of trial.

8.    Reasonable attorney's fees and costs of suit.

9.    For whatever further and additional relief the court shall deem to be just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.


DATED this 31st day of July 2022.

Law Office of VICKY J CURRIE

By: _____
VICKY J CURRIE, WSBA #24192
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 17