1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRI BROOKS-JOSEPH,

Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

Defendants.

Case No. C22-1078RSL

ORDER DISMISSING
PLAINTIFF'S MOTION TO
FILE OVERLENGTH BRIEF
AS MOOT

This matter comes before the Court on plaintiff's "Motion and Order to File an Over-Length Brief in Response to Defendant's Motion for Summary Judgement" (Dkt. # 46). Because plaintiff's motion rests on a misreading of the Local Rules, the Court dismisses plaintiff's motion as moot.

Plaintiff seeks the Court's permission to file an overlength response to defendant's motion for summary judgement, arguing that she should be entitled to a longer response because defendant's motion for summary judgment was also overlength. *See* Dkt. # 46.[1] However, neither defendants' motion nor plaintiff's response is, in fact, overlength. Pursuant to this Court's local rules, "[m]otions for summary judgment . . . **and briefs in opposition** shall not exceed 8,400 words or, if written by hand or with a typewriter, twenty-four pages. Reply briefs

---

[1] The Court notes that pursuant to the Local Rules, motions seeking approval to file an over-length brief "shall be filed as soon as possible but no later than three days before the underlying motion or brief is due." LCR 7(f)(1). Here, plaintiff's motion to file an overlength brief was filed three days *after* the underlying motion was filed with the Court. Plaintiff's counsel is reminded that motions requesting the Court's permission to file an overlength brief must be submitted *before* the underlying motion is filed.

ORDER DISMISSING PLAINTIFF'S MOTION TO
FILE OVERLENGTH BRIEF AS MOOT - 1

shall not exceed 4,200 words or, if written by hand or with a typewriter, twelve pages." LCR

7(e)(3) (emphasis added). Here, defense counsel certified that the motion for summary judgment

contains 8,170 words, in compliance with the Local Rules. *See* Dkt. # 18 at 27. While plaintiff's

opposition fails to include the word count certification required by the Local Rules, *see* LCR

7(e)(3), her response brief is only nineteen pages, *see* Dkt. # 35, which is well within the twenty-

four-page limit for hand-written or typewritten opposition briefs, *see* LCR 7(e)(3).

Plaintiff's counsel is reminded of her obligation to include a certification as to the

number of words in her signature block in any brief where word limits apply, *see* LCR 7(e)(6)

("When word limits apply, the signature block shall include the certification of the signer as to

the number of words, substantially as follows: 'I certify that this memorandum contains _____

words, in compliance with the Local Civil Rules.'"). However, her submitted opposition brief

appears to be within the word limits set by the Local Rules and thus does not require the Court's

approval to be filed as an overlength brief.

For all the foregoing reasons, plaintiff's motion to file an overlength brief is DISMISSED

AS MOOT.

IT IS SO ORDERED.

DATED this 25th day of August, 2023.


Robert S. Lasnik
United States District Judge

ORDER DISMISSING PLAINTIFF'S MOTION TO
FILE OVERLENGTH BRIEF AS MOOT - 2