UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRI BROOKS-JOSEPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>　　　　　Defendants. | Case No. C22-1078RSL<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION<br>FOR LEAVE TO FILE LATE<br>DISCOVERY MOTION |

This matter comes before the Court on defendants' "Motion for Leave to File Late Discovery Motion" (Dkt. # 27). Having reviewed the submissions of the parties and the remainder of the record, the Court grants defendants' motion for the reasons stated herein.

**I.     Background**

Plaintiff Terri Brooks-Joseph filed this employment discrimination lawsuit against defendants, asserting nine causes of action. *See* Dkt. # 1. Several of these causes of action, including those based on violations of the Washington State Whistleblower Act and Seattle Municipal Code section dedicated to whistleblower protections, as well as her wrongful discharge claim, rest on her alleged whistleblowing activities. *Id.* Specifically, plaintiff alleges that she reported instances of employees intentionally slowing down projects in order to increase their pensions, witness tampering, and improper meter reading being conducted at Seattle City Light, resulting in overbilling of customers. *See* Dkt. # 18 at 7-8.

Plaintiff was subjected to two full days of depositions for discovery in this case, taking place on May 22, 2023 and July 7, 2023. Dkt. # 27 at 1-2. On the second day of her deposition, plaintiff "revealed for the first time that a package of evidence regarding her whistleblowing

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE LATE DISCOVERY MOTION - 1

claim is in the hands of a third party. This was not disclosed in Plaintiff's initial disclosures and was not disclosed in response to similar questioning during the first day of Plaintiff's deposition on May 22, 2023." *Id.* Plaintiff asserted that she had sent a packet of evidence regarding the alleged improper meter reading to "federal attorneys" who were "colleagues," and that she had deleted her own copies of the evidence. *See* Dkt. # 32-1 at 9-26. Plaintiff was asked multiple times by defense counsel to identify these federal attorney colleagues, but refused to do so in her deposition. *Id.*

On August 1, 2023, defense counsel held a discovery conference with plaintiff's attorney and again requested that plaintiff identify the federal attorneys. Dkt. # 32-1 at 36. Plaintiff's attorney stated the information would be provided to defense counsel by the end of day on August 7, 2023. *Id.* On August 7, plaintiff's attorney sent an email indicating that her client was not willing to provide the information. *Id.* at 34.

Based on this Court's scheduling order, discovery in the case was required to be completed by July 9, 2023, and "[a]ll motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) or LCR 37(a)(2)." *See* Dkt. # 13 at 1.

**II.     Analysis**

The Ninth Circuit has made clear that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for [discovery,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)). "Although the existence or degree of prejudice to the

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE LATE DISCOVERY MOTION - 2

party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

Plaintiff dedicates much of her opposition brief to explaining her "genuine fear of retaliation," should she disclose the requested information. *See* Dkt. # 45 at 2-3. However, this argument is better suited to opposition of defendants' pending motion to compel, *see* Dkt. # 29, not whether defendants demonstrated the requisite diligence to file a late discovery motion. Plaintiff's only argument going to diligence is that defendants "did not file this motion for leave until August 8, 2023, more than a month after obtaining the new information." Dkt. # 45 at 2. However, defendants pursued a discovery conference with plaintiff's counsel in an effort to resolve the discovery dispute without recourse to the Court, as required by the Local Rules. *See* LCR 37(a)(1). This conference took place on August 1, 2023, and plaintiff's counsel represented that plaintiff would share the identities of the federal attorneys by August 7. After plaintiff declined to name the attorneys on August 7, defendants determined that a motion to compel was necessary. Both the instant motion and the related motion to compel were filed on August 17, 2023, a mere ten days after defendants learned plaintiff did not intend to share the identities of the federal attorneys absent intervention from the Court. The Court finds that defendants have demonstrated the requisite diligence, and that plaintiff will not suffer prejudice as a result of the Court granting defendants' motion to file their late discovery request. Plaintiff is free to raise her arguments as to why the Court should deny defendants' motion to compel disclosure of the federal attorneys' identities in her response to that motion.

//
//
//
//
//
//
//

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE LATE DISCOVERY MOTION - 3

### III.   Conclusion

For all the foregoing reasons, defendants' motion for leave to file a late discovery motion (Dkt. # 27) is GRANTED.

IT IS SO ORDERED.

DATED this 28th day of August, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR
LEAVE TO FILE LATE DISCOVERY MOTION - 4