UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRI BROOKS-JOSEPH,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>   Defendants. | Case No. C22-1078RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on defendants' "Motion to Dismiss Individual Defendants Pursuant to FRCP 12(b)(5)" (Dkt. # 23). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.    Background**

On August 8, 2022, plaintiff Terri Brooks-Joseph filed an employment discrimination suit against the City of Seattle and Seattle City Light (collectively, "City") and individual city employees Susan Davidson, Lourdes Podwall, Britt Luzzi, and Sharon Hunter, along with their respective "John Doe" spouses (collectively "individual defendants"). *See* Dkt. # 1. A summons for each defendant was issued on August 3, 2022. *See* Dkt. # 3. No proof of service was made to the Court as required by Federal Rule of Civil Procedure 4(l). *See* Fed. R. Civ. P. 4(l) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

On August 8, 2023, defendants filed a motion to dismiss individual defendants under Rule 12(b)(5), emphasizing that "[p]laintiff has not filed proof of service for the individual defendants." Dkt. # 23 at 2.

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS - 1

On August 11, 2023, plaintiff filed an affidavit of service. *See* Dkt. # 25. This affidavit indicated that on August 30, 2022, a process server delivered copies of the summons and complaint to the City of Seattle Clerk's Office at 600 4th Ave, Seattle, WA 98104, where a customer service representative named Stephen Brantzeg "accepted service on behalf of all" defendants. *See* Dkt. # 34 at 2. On August 20, 2023, plaintiff filed a declaration from plaintiff's counsel's assistant, confirming that proof of service was filed with the Court. *See* Dkt. # 34.

On September 1, 2023, defendants filed a reply, arguing that the method of service did not comport with the requirements laid out in Federal Rule of Civil Procedure 4, and that the individual defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(5). Dkt. # 53.[1]

**II.    Analysis**

"'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'" *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Benny*, 799 F.2d at 492 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

A party may contest the sufficiency of service of process under Rule 12(b)(5). *See* Fed. R. Civ. P. Rule 12(b)(5). Once service has been challenged, the plaintiff bears the burden of

---

[1] Defendants also argue that the Court "should not consider Plaintiff's filings" because plaintiff failed to follow the Local Rules by filing a declaration and exhibits, rather than the brief in opposition required by LCR 7(b)(2). Dkt. # 53 at 2. Pursuant to the Local Rules, "if a party fails to file papers in opposition to a motion, such failure *may* be considered by the court as an admission that the motion has merit." LCR 7(b)(2) (emphasis added). The Court will exercise its discretion to consider the affidavit and declaration filed by plaintiff.

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS - 2

showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

### A. Service Was Not in Accordance with Rule 4

Under Rule 4, plaintiffs have multiple options available to them in serving individual defendants. *See* Fed. R. Civ. P. Rule 4(e). Specifically, an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[2]

*Id.* Under Washington law, the summons must be delivered to "the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW § 4.28.080(16). An individual defendant

---

[2] In order to qualify as an agent for purposes of receiving service of process, "an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as defendant's agent for some purposes does not necessarily mean that the person has authority to receive process." 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1097, at 84 (1987).

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS - 3

may not be served by leaving the summons and the complaint at his or her place of employment. *French v. Gabriel*, 57 Wn. App. 217, 225, 788 P.2d 569 (1990), *aff'd* 116 Wn.2d 584, 806 P.2d 1234 (1991).³

Here, defendants argue that "plaintiff's service of process on the individual defendants failed to meet any of the requirements established in FRCP 4." Dkt. # 53 at 3. Specifically, defendants argue that "[t]he summons and complaints were not left with the individuals personally, nor [were] the documents left at the Defendants' dwelling or place of usual abode or left with an authorized agent." *Id.* "Instead, the summons and complaint were served to the City of Seattle Clerk's Office, which is not an authorized agent of the individual defendants." *Id.*

The Court agrees that delivering the summons and complaint to a customer service representative at City Hall does not meet the requirements set out by Rule 4 for serving individual defendants.

### B. Rule 4(m) Analysis

Having determined that plaintiff's attempted service on the individual defendants did not comply with the requirements of Rule 4, the Court must determine which of the two "avenues for relief" provided by Rule 4(m) is appropriate here. As the Ninth Circuit has explained, the first avenue provided by Rule 4(m) "is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009) (internal citations omitted).

To determine when neglect is excusable, the Court conducts the equitable analysis specified in *Pioneer* by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

---

³ This rule has consistently been applied in cases involving government employees and officials. *See Galekovich v. City of Vancouver*, No. C11-5736BHS, 2012 WL 750445 (W.D. Wash. Mar. 8, 2012) (city employees); *Teeman v. Washington*, No. C15-3138TOR, 2015 WL 6442735 (E.D. Wash. Oct. 23, 2015) (state employees) *Nitardy v. Snohomish Cnty.*, 105 Wn. 2d 133 (1986) (county executive); *Landreville v. Shoreline Community College Dist. 7*, 53 Wn. App. 330 (1988) (attorney general); *Meadowdale Neighborhood Comm. v. Edmonds*, 27 Wn. App. 261 (1980) (mayor).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 4

reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).[4] "In making extension decisions under Rule 4(m) a district court may [also] consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Here, plaintiff's only response to defendants' motion to dismiss was to (1) file an affidavit of service, *see* Dkt. # 25; and (2) file a declaration from plaintiff's counsel's assistant, confirming that the affidavit of service was filed, *see* Dkt. # 34. Accordingly, plaintiff has made no showing of good cause requiring an extension of time for service.

Moving to the excusable neglect analysis, the Court notes that the lack of briefing from either defendants or plaintiff on this issue puts it in the unenviable position of attempting to ascertain the parties' respective positions based on the meager record before it. On the one hand, it has been more than a year since plaintiff's Complaint was filed, *see* Dkt. # 1, and plaintiff has failed to provide any reason for her delay or make any request for an opportunity to effect proper service. Notably, plaintiff has been represented by counsel throughout the case. On the other hand, defendants have failed to make any argument as to why dismissal – as opposed to an extension of time to effect service – is appropriate here. *See* Dkt. # 53. Rather than explaining why an extension of time would unfairly prejudice the individual defendants, defendants simply argue that the Court should dismiss the individual defendants "[d]ue to Plaintiff's lack of compliance with the Federal Rules of Civil Procedure." Dkt. # 53 at 3. Finally, the Court notes that it appears that some of plaintiff's claims would be barred by the relevant statute of

---

[4] "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge*, 587 F.3d at 1198 n.3 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS - 5

limitations were the Court to dismiss the individual defendants rather than extend the time for effecting service. *See Adler v. Fred Lind Manor*, 153 Wn. 2d 331, 355 (2004) (explaining that causes of action brought under the Washington Law Against Discrimination are subject to the state's general three-year statute of limitations under RCW 4.16.080(2)); Dkt. # 1 at 6-7 (alleging instances of discrimination that took place in June and July of 2020).

Given the relatively short period of delay, the fact that defendants have failed to explain how they would be prejudiced by an extension of time to effect service, and the potential statute of limitations bar plaintiff faces if the Court grants dismissal, the Court exercises its "broad discretion" under Rule 4(m), *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001), and provides plaintiff with a brief extension of time to effectuate proper service of process.

### III.  Conclusion

For all the foregoing reasons, defendants' motion to dismiss is DENIED with qualification. Plaintiff is directed to properly serve defendants Podwall, Davidson, Luzzi, and Hunter in accordance with Rule 4 by September 22, 2023, or suffer dismissal.

IT IS SO ORDERED.

DATED this 8th day of September, 2023.

                                          *[signature]*
                                          Robert S. Lasnik
                                          United States District Judge